IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MICHAEL LEE STROPE,

                    Plaintiff,

                                          CIVIL ACTION
            vs.                           No. 04-3338-SAC

WILLIAM CUMMINGS, et al.,


                    Defendants.



                          ORDER


    This matter is before the court on plaintiff's motion for
reconsideration (Doc. 13).  Plaintiff seeks relief from the
order of the court dismissing this matter without prejudice for
lack of exhaustion.  Having considered the motion[1] and reviewed
the amended complaint and attachments (Doc. 7), the court grants
the motion for reconsideration and will direct the clerk of the
court to reopen this matter.

    The amended complaint contains eleven counts.  The court
has considered each claim and will dismiss the following

---

[1]
The court advises plaintiff that the use of abusive
language, such as that contained in the motion for
reconsideration, will not be tolerated in any future
pleading.  See Garrett v. Selby Conner Maddux & Janer, 425
F.3d 836, 841 (10th Cir. 2005)(court has inherent authority
to strike abusive pleadings).

portions of the complaint:

Plaintiff's claim in Count 8 arising from the provision of a Memorial Day meal on the regular diet line is dismissed as malicious and frivolous. Plaintiff's complaint in Grievance AA20050043 (Doc. 40), cites the provision of a meal of fried chicken, potato salad, rolls, and strawberry shortcake as evidence of religious discrimination, purposeful discrimination, retaliation, and disparate treatment. The grievance states that inmates receiving the Kosher diet received chicken noodles, carrots, and a bagel. Plaintiff demanded "make up meal similar in goodness". Id.

The equal protection clause provides that "[n]o state shall ··· deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Equal protection "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).

Equal protection within the meaning of the Fourteenth Amendment does not require exact equality. Norvell v. Illinois, 373 U.S. 420 (1963), reh. denied, 375 U.S. 870. Only arbitrary and invidious discrimination is prohibited. Ferguson v. Skrupa, 372 U.S. 726 (1963). Providing a holiday meal to the regular diet line while providing an approved diet to those receiving a

special diet as an accommodation of their religious beliefs falls far short of actionable discrimination.

Plaintiff's claim in Count 10 is dismissed. This count alleges defendant McKune unlawfully enforced a policy codified in K.A.R. 44-12-313 governing access to sexually explicit publications while allowing "nudity exposure" in prison showers (Doc. 7, p. 14).

Plaintiff's argument is not persuasive. First, the regulation in question is similar to those that have been upheld by the courts as an appropriate means of maintaining order and security. See, e.g., Thornburgh, 490 U.S. at 405 n. 6 (banning sexually explicit materials involving homosexuality, sado-masochism, bestiality, and children); Mauro v. Arpaio, 188 F.3d 1054, 1060 (9th Cir. 1999)(en banc)(banning possession of sexually explicit material against First Amendment challenge); Dawson v. Scurr, 986 F.2d 257, 259 n. 2 (8th Cir. 1993)(regulation prohibiting "material portraying bestiality, sadomasochism, child nudity, or child sexual activity"); Harper v. Wallingford, 877 F.2d 728, 739 (9th Cir. 1989)(banning material from the Man/Boy Love Association promoting sex with children).

In contrast, the exposure of prisoners using showers and toilets to other prisoners and to staff members is a necessary

3

adjunct of life in a penal facility housing large numbers of prisoners who cannot reasonably be offered private shower and toilet facilities. See, e.g., Oliver v. Scott, 276 F.3d 736, 745-46 (5th Cir. 2002)(upholding dismissal of privacy claim where female guards monitored male inmates in bathroom and showers without privacy partitions because the practice was related to prison security); Johnson v. Phelan, 69 F.3d 114, 150 (7th Cir. 1995)(female correctional officer may supervise nude male prisoners); Somers v. Thurman, 109 F.3d 614 (9th Cir. 1997) (same; discussing cases).

Likewise, while plaintiff challenges the failure to define nudity, the regulation is specific, see Doc. 7, Ex. 50, and there is no evidence that defendant McKune is personally responsible for the text of the regulation.

The court will order the service of process and the preparation of a report pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978) on the remaining claims.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to reconsider (Doc. 13) is granted, and the clerk of the court is directed to reopen this matter.

IT IS FURTHER ORDERED plaintiff's claim in Count 8 concerning the provision of a holiday meal to the regular diet line is dismissed.

IT IS FURTHER ORDERED all claims in Count 10 are dismissed.

IT IS FURTHER ORDERED:

(1)  The clerk of the court shall prepare waiver of service forms for the remaining defendants pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served by a United States Marshal or a Deputy Marshal.  Answers or responses to the complaint, including the report required herein, shall be filed no later than sixty (60) days following receipt of the report ordered herein.

(2)  Officials responsible for the operation of the Lansing Correctional Facility are directed to undertake a review of the subject matter of the complaint:

(a)  to ascertain the facts and circumstances;

(b)  to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(c)  to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3)  Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendants' answer or response to the complaint.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent

5

rules, regulations, official documents and, wherever appropri-
ate, the reports of medical or psychiatric examinations shall be
included in the written report.

(4) Authorization is granted to the officials of the
Lansing Correctional Facility to interview all witnesses having
knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall
be filed until the Martinez report requested herein has been
prepared.

(6) Discovery by plaintiff shall not commence until
plaintiff has received and reviewed defendants' answer or
response to the complaint and the report requested herein. This
action is exempted from the requirements imposed under
Fed.R.Civ.P. 26(a) and 26(f).

IT IS FURTHER ORDERED the clerk of the court shall enter
the Kansas Department of Corrections as an interested party on
the docket for the limited purpose of preparing the Martinez
report ordered herein. Upon the filing of that report, the
Department of Corrections may move for termination from this
action.

Copies of this order shall be transmitted to plaintiff, to
defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

6

Dated at Topeka, Kansas, this 29th day of September, 2006.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge